# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN SYKES, ) | |
| Guardian and Next Friend of D.B., a Minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0255 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| A municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO THE COMPLAINT

The Defendant, by counsel, here answers the Plaintiff's Complaint as follows

(paragraph numbers below correspond to the paragraph numbers in the Complaint):

### INTRODUCTION

1.  The allegations in paragraph 1 are conclusions of the pleader to which no

response is required.  If a response is required, then the same are denied.

### JURISDICTION AND VENUE

2.  The Defendant admits the allegations in paragraph 2.

3.  The Defendant admits the allegations in paragraph 3.

### PARTIES

4.  The Defendant admits the allegations in paragraph 4.

5.  The Defendant admits the allegations in paragraph 5.

6.  The Defendant admits the allegations in paragraph 6.

**FACTS**

7.   The Defendant admits the allegations in paragraph 7, except that Attention Deficit Disorder/Hyperactivity Not Otherwise Specified is one diagnosis.

8.   The Defendant admits the allegations in paragraph 8.

9.   The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 9.

10.   The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 10.

11.   The Defendant admits the allegations in paragraph 11.

12.   The allegations in paragraph 12 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

13.   The Defendant admits the allegations in paragraph 13.

14.   The Defendant admits the allegations in paragraph 14.

15.   The Defendant admits the allegations in paragraph 15.

16.   The Defendant admits the allegations in paragraph 16.

17.   The allegations in paragraph 17 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

18.   The allegations in paragraph 18 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

19. The allegations in paragraph 19 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same allegations are denied.

20. The allegations in paragraph 20 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same allegations are denied.

21. The Defendant admits the allegations in paragraph 21.

22. The Defendant admits the allegations in paragraph 22.

23. The allegations in paragraph 23 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If a response is required, then the same are denied.

24. The allegations in paragraph 24 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If a response is required, then the same are denied.

25. The allegations in paragraph 25 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If a response is required, then the same are denied.

26. The allegations in paragraph 26 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If a response is required, then the same are denied.

27. The Defendant admits the allegations in paragraph 27.

28. The Defendant admits the allegations in paragraph 28.

29. The allegations in paragraph 29 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

30. The allegations in paragraph 30 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

31. The allegations in paragraph 31 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

32. The allegations in paragraph 32 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

33. The Defendant admits the allegations in paragraph 33.

34. The Defendant admits the allegations in paragraph 34.

35. The allegations in paragraph 35 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

36. The allegations in paragraph 36 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

37. The allegations in paragraph 37 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If a response is required, then the same are denied.

38. The allegations in paragraph 38 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If a response is required, then the same are denied.

39. The Defendant denies the allegations in paragraph 39.

40. The Defendant admits the allegations in paragraph 40.

41. The allegations in paragraph 41 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If such a response is required, then the same are denied.

42. The allegations in paragraph 42 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If such a response is required, then the same are denied.

43. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 43.

44. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 44.

45. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 45.

46. The allegations in paragraph 46 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If such a response is required, then the same are denied.

47. The allegations in paragraph 47 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself. If such a response is required, then the same are denied.

48. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 48.

49. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 49.

50. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 50.

51. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 51.

52. The allegations in paragraph 52 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

53. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 53.

54. The Defendant admits that a due process hearing was convened on August 23, 2006.

55. The Defendant admits that the Plaintiff submitted its closing brief on August 31, 2006.

56. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 56.

57. The allegations in paragraph 57 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

58. The Defendant admits the allegations in paragraph 58.

59. The allegations in paragraph 59 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

60. The allegations in paragraph 60 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

61. The allegations in paragraph 61 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

62. The allegations in paragraph 62 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

63. The allegations in paragraph 63 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

64. The Defendant admits that the Plaintiff filed a Motion for Reconsideration, but notes that the Hearing Officer's Decision indicates that the Motion was filed on October 3, 2006, not September 27, 2006.

65. The allegations in paragraph 65 are the pleader's characterizations of a document to which no response is required; the document characterized speaks for itself.  If such a response is required, then the same are denied.

66. The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 66.

67. The Defendant admits the allegations in paragraph 67.

### Count I

68. The Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 67 above.

69. The Defendant admits that the Individuals with Disabilities Education Improvement Act of 2004 requires DCPS to offer a free appropriate public education to all qualifying children with disabilities.

70. The allegations in paragraph 70 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

71. The allegations in paragraph 71 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

### PRAYER FOR RELIEF

The Defendant states that paragraphs 1 through 6 on page 12 of the Complaint constitute Plaintiffs' prayers for relief and legal conclusions of and by the pleader to which no response is required.

**BY WAY OF FURTHER ANSWER**, the Defendant denies all allegations of wrongdoing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint alleges violations outside of applicable time limitations.

## THIRD AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the

administrative record and should be affirmed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

March 14, 2007