THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EVELYN SYKES,** ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-255 |
| v. ) | RCL |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| Defendant. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    THE PLAINTIFF IS AN AGGRIEVED PARTY BEFORE THIS COURT**

The Defendant requests dismissal and argues that the Plaintiff is not an aggrieved party because "the Plaintiff received [] all of the relief she requested...except for attorney's fees...and a placement at Rock Creek Academy, which was not appealed in her Complaint." (Def.'s Mot. Summ J. 12.) Because the Hearing Officer denied the Plaintiff some of the relief she had sought, and because the Plaintiff has sufficiently pled her claim for that relief in this Court, the Plaintiff has sufficiently established herself as an aggrieved party.

**A.    The Plaintiff Was Aggrieved by the Hearing Officer's Decision**

As the Defendant acknowledges, the Hearing Officer did not grant the Plaintiff all of the relief she had requested. Most obviously, he denied her request for placement at Rock Creek Academy, but that is not all he denied.

In addition to the placement, the Plaintiff had requested funding for independent evaluations, and a meeting following those evaluations to accomplish specific objectives, including to "develop a compensatory education plan to compensate [D.B.] for DCPS' failure to develop and implement appropriate IEPs and to provide an appropriate placement since the start

1

of the 2003-2004 SY."[1] (R. at 136.) The Hearing Officer ordered the evaluations and a meeting, but he did not dictate the bounds of the compensatory education discussion as requested by the Plaintiff. Instead, the Hearing Officer ordered DCPS to determine compensatory education for "any missed services during SY 2004-2005 and SY 200[5]-200[6]."[2] (R. at 22.)

Were the order as vague as it appears from that clause, the Plaintiff would still be aggrieved, because she had asked for a far more specific instruction. However, the findings in the HOD serve to eliminate almost all of the Plaintiff's requested relief in this area. In the HOD, the Hearing Officer found that D.B. had received all of his prescribed specialized instruction, and that he had not been denied an appropriate placement.[3] (R. at 21.) Given those findings, the Hearing Officer clearly denied the Plaintiff her request that DCPS be ordered to determine compensatory education for the failure to "implement appropriate IEPs and to provide an appropriate placement." (R. at 136.)

Because the Hearing Officer denied the Plaintiff's request for a placement and her request that DCPS be ordered to determine compensatory education for specific violations of D.B.'s rights, the Plaintiff was aggrieved by the HOD. See Diatta v. District of Columbia, 319 F. Supp. 2d 57, 64-65 (D.D.C. 2004) (holding that the plaintiff was aggrieved by HOD denying placement and limiting time period for which compensatory education was owed, despite the fact that the plaintiff had obtained other relief).

---

[1] The Plaintiff later limited the claim to events since December 2, 2004. (R. at 28-29.)

[2] From the timing and the context, it appears that the Hearing Officer had intended to refer to "SY 2005-2006" rather than "SY 2006-2007."

[3] The HOD is not perfectly clear. In the discussion of the question of the provision of specialized instruction, the Hearing Officer did not specifically state that D.B. had received all of the instruction, but he did state that he "credits [the DCPS witness'] testimony with regard to the provision of specialized instruction." (R. at 7.) The finding on the appropriateness of the placement is perhaps even less clear, because the Hearing Officer appears to have placed the burden of proof on the Plaintiff – despite having correctly stated earlier that DCPS bore the burden of proof – when he concluded that there was "no evidence presented from which the Hearing Officer could conclude that the finding and conclusions already made regarding the student's placement at Kimball were no longer valid." (R. at 7.)

**B.      The Plaintiff Properly Pled Her Claims Before This Court**

The Defendant contends that "the [federal] Complaint itself does not challenge the Hearing Officer's findings and conclusions regarding Rock Creek Academy; thus, the Plaintiff has waived her appeal of that aspect of the HOD." (Def.'s Mot. 13.) The Defendant's argument on this point lacks any merit, but the Plaintiff briefly addresses it here in the interest of completeness.

As the Defendant acknowledges, the Plaintiff mentioned Rock Creek "only" three times in the Complaint, including once in the listing of requested relief in the introduction of the Complaint and once in the concluding prayer for relief. The Defendant does not provide any support for the implied position that a claim must be raised at least four times in a complaint.

The Defendant criticizes the Plaintiff for not alleging "even generally that the Hearing Officer erred in his conclusion that the record did not support a placement at Rock Creek Academy." (Def's. Mot. 13.) To the degree that the Defendant means to imply that a plaintiff must allege hearing officer error in a federal complaint, the Defendant holds a completely mistaken view of the natures of the federal Complaint and of this case.

The IDEA authorizes an aggrieved party "to bring a civil action...in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). This case is such a civil action, and accordingly the Complaint is exactly that – a complaint, and not a notice of appeal or some other document.

Rule 8(c) of the Federal Rules of Civil Procedure governs the content of complaints, and requires that a complaint contain only a statement of jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment. Fed. R. Civ. P. 8(c). The Plaintiff's Complaint contains all three of those necessary elements.

The Plaintiff brought her civil action against the District of Columbia, so she made allegations regarding the conduct of the District of Columbia and its agency DCPS, not the conduct of the independent contractor Hearing Officer. The Plaintiff has no IDEA claim against the Hearing Officer, so she had no reason to make any allegation regarding the Hearing Officer's action other than for background purposes and to state that she was aggrieved, as she did in Paragraph 3 of her Complaint.

Moreover, the failure to place D.B. in Rock Creek Academy is not a direct violation of the IDEA, so it could not be alleged as a claim, as the Defendant seems to suggest should have been done. The Plaintiff's claim is that DCPS has violated the IDEA by failing to provide D.B. with any appropriate placement; her requested relief for that violation is placement at Rock Creek Academy. Therefore, two of the "only" three references to Rock Creek Academy are exactly where they should be in the Complaint, in the listings of requested relief.

The Complaint contains a very clear statement of the claim underlying the request for placement. In the Complaint the Plaintiff states that DCPS' failure to provide D.B. with an appropriate placement violated the IDEA, and states the procedural and substantive inadequacies of the placements to Kimball and to Kelly Miller with specificity. (Compl. ¶¶ 13-38, 69-70.)

Because cases like the one at bar are often referred to, colloquially, as "appeals," it may be the case that some attorneys draft federal complaints with a focus on hearing officer error rather than DCPS wrongdoing. Plaintiff's counsel is of the opinion that that to do so would constitute a minor pleading error, but regardless, Plaintiff's counsel has filed approximately twenty IDEA complaints in the past few years, and no judge or District of Columbia attorney has ever taken issue with the format.

4

As it happens, were the complaints in cases such as this one to be read according to the standards of a notice of appeal, the Plaintiff's Complaint would still easily qualify. A federal notice of appeal need only contain the name of the appellant, the identity of the order being appealed, and the name of the court to which the appeal is taken. Fed. R. App. P. 3(c).

Ultimately, the question is whether the Complaint is comprehensible. The Defendant does not go so far as to say that it is not, and instead relies on a technicality, though the supposed technicality is in fact unsupported by any statute, rule, or caselaw. If the Defendant were to contend that it could not understand the Plaintiff's Complaint, we would be left with two questions: 1) What did the Defendant understand the Complaint to claim instead?; and 2) Why did the Defendant devote the bulk of its argument section to the question of placement at Rock Creek Academy if it did not understand the Plaintiff to have pled that claim?

## II.  THE DEFENDANT HAS OFFERED NO SUPPORT FOR THE HEARING OFFICER'S DECISION

Though it has moved for summary judgment, the Defendant has declined to offer any real argument in support of the Hearing Officer's decision. The Defendant's position appears to be only that because the HOD is "thorough and complete," it must be correct. (See Def.'s Mot. 14.)

In praising the quality of the administrative proceedings, the Defendant makes two clearly false statements. First, the Defendant casually states that "the Plaintiff had a full opportunity to present evidence and argument to support her requests for relief to the Hearing Officer." (Def.'s Mot. 14.) In fact, as the Hearing Officer openly acknowledged in the HOD, DCPS had failed to grant the Plaintiff access to any school records before the hearing, and declined to disclose any of those documents at the hearing. (R. at 18, 33-34, 158, 161; Hr'g Tr. 8-9, 46-47, 59-60, 65); see Pl.'s Mot. Summ. J. 22-24. Nonetheless, the Hearing Officer refused to take any action to protect the Plaintiff from the prejudice of DCPS' withholding of evidence.

5

(R. at 18; Hr'g Tr. 8-9, 46-47, 59-60, 65); see Pl.'s Mot. 22-24. The Plaintiff did not have "a full opportunity to present evidence" in any meaningful sense.

Second, the Defendant states that "all of the...legal arguments made [] were taken into account" in the HOD. (Def.'s Mot. 14.) To the contrary, though in the HOD the Hearing Officer mentioned the Plaintiff's request at hearing for inferences based on DCPS' failure to release documents, he never explained his refusal to act or otherwise addressed the Plaintiff's in-hearing motions. (R. at 15-23; Hr'g Tr. 8-9, 46-47, 59-60, 65.) Further, the Hearing Officer never even mentioned the fact that the Plaintiff had objected to testimony on the basis of hearsay and best evidence, and that he had allowed all testimony over those objections. (R. at 15-23; Hr'g Tr. 52-53.)

Regardless, even had the Plaintiff been provided procedural due process at the "due process hearing," that alone would not establish the validity of the Hearing Officer's decision. The Plaintiff appears to rest entirely upon the standard of review and the fairly vague requirement of "due weight." The standard of review is not enough to support the Defendant's Motion.

"The district court's standard of review under the IDEA is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." Scorah v. District of Columbia, 322 F. Supp. 12, 16 (D.D.C. 2004) (citing Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988) and Kroot v. D.C., 800 F. Supp. 976, 981 (D.C.C. 1992)); see also Reid ex rel. Reid v. District of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005).

The statute states that the court bases its decision on the preponderance of the evidence, as in any other civil action. 20 U.S.C. § 1415(i)(2)(B)(iii). However, the Supreme Court has found in the statute an "implied requirement that due weight shall be given to [administrative]

6

proceedings." Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 206 (1982).

The Supreme Court has not further defined "due weight," but in this circuit, the Court of Appeals has: "[A] party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong, and [] a court upsetting the officer's decision must at least explain its basis for doing so." Kerkam, 862 F.2d at 887. In practice, this means that the party challenging the hearing officer's decision bears the burden of showing, by a preponderance of the evidence, why the HOD should be set aside. Id. (interpreting McKenzie v. Smith, 771 F. 2d 1527 (D.C. Cir. 1985)).

There is no reason, and no precedent in this jurisdiction, for reading "due weight" more broadly, as the Defendant suggests when it states that the Hearing Officer's "expressed views are...entitled to conclusive deference by this Court." (Def.'s Mot. 14.) In fact, any broader a reading would put "due weight" in conflict with the clear statutory provisions authorizing civil actions decided by the preponderance of the evidence.

Whatever the general standard of review, there is no dispute that "a hearing decision 'without reasoned and specific findings deserves little deference.'" Reid, 401 F.3d at 521 (quoting Kerkam v. Superintendent, D.C. Pub. Schs., 931 F.2d 84, 87 (D.C. Cir. 1991)). For that reason, the Hearing Officer's refusal to take any action to account for DCPS' total failure to produce records and his admission of highly prejudicial hearsay, neither of which decisions was ever explained, merits no weight at all.

Finally, it should not be forgotten that at the administrative level, DCPS bore the burden of proof. (R. at 20); 5 DCMR 3030.3 (2002), amended by 53 DCR 5249 (June 30, 2006). Thus,

7

there exists a very basic question of whether DCPS met its burden on the issues in question. No standard of review would moot the question of whether the initial burden was met.

In sum, then, the Plaintiff must in her Motion prove by the preponderance of the evidence that the Hearing Officer wrongly found: 1) that DCPS had met its burden of proving that D.B. had received all of his prescribed specialized instruction; 2) that DCPS' placement of D.B. at Kimball had been procedurally and substantively appropriate; and 3) that the Plaintiff had not alleged the placement at Kelly Miller to have been inappropriate. The Defendant, in its Motion, must establish that the Plaintiff cannot prove that those conclusions were wrong.

The Defendant has declined to make any arguments on those points. Because the Defendant has offered no argument in support of the Hearing Officer's decision, its Motion should be denied as it is effectively nonexistent.

Respectfully submitted,
/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 07-255<br>)　RCL<br>)<br>)<br>)<br>) |

## PLAINTIFFS' STATEMENT OF FACTS IN DISPUTE

The Plaintiff contends that there is no genuine dispute regarding the material facts of this case, and that she is entitled to summary judgment for the reasons presented in the Plaintiff's Motion for Summary Judgment. However, the Plaintiff presents this statement in the event that the Court determines any disputes noted herein to be material.

1. Undisputed.
2. Undisputed.
3. Undisputed.
4. Undisputed.
5. Undisputed.
6. Undisputed.
7. Undisputed.
8. Undisputed.
9. Undisputed.
10. Plaintiff does not dispute that the November 12, 2004 Hearing Officer's Determination ("HOD") found that D.B.'s May 19, 2004 individualized education program ("IEP") and placement to Kimball Elementary School ("Kimball") were appropriate.

1

11. Plaintiff does not dispute that the Hearing Officer, in her November 12, 2004 HOD, ordered DCPS to convene a meeting to, *inter alia*, review D.B.'s occupational therapy evaluation, revise his IEP, and to discuss and determine appropriate compensatory education for D.B.'s occupational therapy and counseling services.

12. Undisputed.

13. Undisputed.

14. D.B.'s April 25, 2005 clinical psychological evaluation does not make any educational placement recommendation. (R. at 106-110.) Accordingly, the Plaintiff does not dispute that D.B.'s April 25, 2005 clinical psychological evaluation does not recommend a full-time special education placement.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. The Plaintiff does not dispute that the Special Education Coordinator at Kimball testified, over objection, that D.B.'s IEP had been implemented and that he had made progress at Kimball.

21. The Plaintiff does not dispute that the Special Education Coordinator at Kimball testified, over objection, that Kimball had on staff a special education teacher and related service providers to implement D.B.'s IEP.

22. The Plaintiff does not dispute that the Special Education Coordinator at Kimball testified, over objection, that she should have been notified about any lapses in delivery of services to D.B. and further testified that she was not aware of any such lapses.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Undisputed.

32. Undisputed.

33. The Plaintiff does not dispute that the Hearing Officer, in his September 15, 2006 HOD, stated that "[t]he November 2004, HOD found and concluded that the student's IEP and placement at Kimball was appropriate. Therefore, the claim the student's IEP was inappropriate must be based on factors that occurred following that HOD and during SY 2004-05 and SY 2005-06."

34. Disputed. The HOD is not perfectly clear. The Hearing Officer divided his conclusions into three issues: 1) failure to provide an appropriate IEP; 2) failure to provide specialized instruction and related services; and 3) failure to provide an appropriate placement. (R. at 20-22.) He clearly ruled in the Plaintiff's favor on the first issue. (R. at 20-21.) Regarding the second issue, he clearly ruled in the Plaintiff's favor regarding related services, but

regarding specialized instruction, the Hearing Officer only stated that he "credit[ed] [the DCPS witness'] testimony with regard to the provision of specialized instruction." (R. at 21.) Regarding the third issue, the Hearing Officer said that there was "no evidence presented from which the Hearing Officer could conclude that the finding and conclusions already made regarding the student's placement at Kimball were no longer valid." (R. at 21.) In addition to those conclusions of law, the Hearing Officer refused to rule on the Plaintiff's claim that the placement to Kelly Miller was inappropriate, thus effectively ruling against her. (R. at 2-3, 11-13, 19, footnote 8.)

35. The Plaintiff does not dispute that the Hearing Officer refused to address the appropriateness of the Kelly Miller placement. As noted above, ¶ 34, the Hearing Officer's findings regarding the provision of specialized instruction and related services are also somewhat unclear. (R. at 21.)

36. The Plaintiff does not dispute that the Hearing Officer, in his September 15, 2006 HOD, concluded that the Plaintiff had not adequately alleged the issue of the appropriateness of the Kelly Miller placement. However, the appropriateness of D.B.'s placement to Kelly Miller was clearly both pled and argued at the administrative level. (R. at 191-3; Hr'g Tr. 13, 58, 72); see Pl.'s Mot. Summ, J. 27-29.

37. Undisputed.

38. The Plaintiff does not dispute that the Hearing Officer held that DCPS had failed to meet its burden regarding the provision of an appropriate IEP. The Plaintiff does not dispute that the Hearing Officer held that DCPS had failed to meet its burden regarding the provision of related services. However, as addressed above, ¶ 34, the Hearing Officer's

4

ruling regarding the provision of specialized instruction is less than clear, but appears to be a ruling that DCPS did meet its burden. (R. at 21.)

39. Disputed. The Hearing Officer stated that there was "no evidence presented from which the Hearing Officer could conclude that the finding and conclusions already made regarding the student's placement at Kimball were no longer valid." (R. at 21.)

40. Undisputed.

41. Undisputed.

42. Undisputed.

43. The Plaintiff does not dispute that the Hearing Officer ordered DCPS to fund independent psychoeducational and social history evaluations of D.B., to convene a student evaluation plan meeting to determine the need for further evaluations, and to convene an MDT meeting to review D.B.'s current evaluations, review and revise his IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan. The Plaintiff disputes, due to the absence of any indication in the record, that the Hearing Officer issued those orders "[b]ecause the Hearing Officer found the record to be insufficient with regard to the student's placement needs."

44. Undisputed.

45. Plaintiff does not dispute that the Hearing Officer, in his September 15, 2006 HOD ordered DCPS to provide D.B. with compensatory education for "missed services during SY 2004-05 and SY 2006-07." However, the Plaintiff contends that the Hearing Officer intended the ordered time period to include the 2005-2006 school year instead of the 2006-2007 year, which had only recently begun.

46. Undisputed.

5

Respectfully submitted,

/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

6

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES,<br>        Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07-255
RCL

### ORDER

On consideration of Defendant's Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is denied.

 

Royce C. Lamberth
United States District Judge