UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0255 (RCL) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Defendant District of Columbia, by counsel, replies herewith to the Plaintiff's July 31, 2007, Opposition to the Defendant's June 29, 2007, Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

The Defendant's Motion demonstrated that this Court should dismiss the Plaintiff's Complaint because: (1) the Plaintiff is not an aggrieved party with a cause of action under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1415, and (2) the September 15, 2006, District of Columbia Public Schools ("DCPS") Hearing Officer's Decision ("HOD"), and subsequent November 3, 2006, HOD on Motion for Reconsideration are proper and should not be overturned or altered.

Further, the Defendant's July 31, 2007, Opposition to the Plaintiff's June 29, 2007, Motion for Summary Judgment showed that the Hearing Officer: (1) properly

addressed placement issues, and (2) sufficiently addressed the procedural issues raised by the Plaintiff.

In the her Opposition here, the Plaintiff argues that: (1) she is an aggrieved party under the IDEIA, (2) she properly pled her claim for relief, and (3) the Defendant has not offered support for the HOD.

The Defendant here responds to the Plaintiff's arguments below, and incorporates by reference both the Defendant's Motion and Opposition.

**ARGUMENT**

I. **The Plaintiff is not an aggrieved party under the IDEIA.**

The Plaintiff cites *Diatta v. District of Columbia*, 319 F. Supp. 2d 57 (D.D.C. 2004), in support of her assertion that she is an aggrieved party under the IDEIA—this case, however, supports the District's position that the Plaintiff is *not* aggrieved. Pl. Opp., at 2. The *Diatta* Court states that " … the plaintiffs are aggrieved parties within the meaning of the Act because the totality of the Hearing Officer's findings and determinations constitute a denial of FAPE to [the student]." 319 F. Supp. 2d at 64. In the present case, the totality of the Hearing Officer's findings and determinations resulted in D.B. receiving a FAPE, not denying him one. In the *Diatta* case, the Hearing Officer, among other things, found a DCPS placement to be inappropriate but, following the hearing, DCPS again placed the student at the same inappropriate placement. *Id.* Clearly, the *Diatta* Hearing Officer did not order relief that would correct the inappropriate placement. Here, the Hearing Officer did *not* find the DCPS placement to be inappropriate, but *did* have concerns about the private school placement the *parent* selected.

The Plaintiff also contends that she properly pled her claims, and that she need not "allege hearing officer error" in her Complaint. Pl. Opp., at 4-5. As such, she does not dispute that she failed to challenge the Hearing Officer's findings and conclusions regarding Rock Creek Academy in her Complaint. *Id.* Instead, the Plaintiff suggests that she need not plead such allegations in her Complaint—a contention squarely at odds with the IDEIA. Pl. Opp., at 3. The IDEIA states that:

> … any party aggrieved by *the findings and decision* made under this subsection, shall have the right to bring a civil action with respect to the [administrative] complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
>
> … The party bringing the action shall have 90 days from *the date of the decision of the hearing officer* to bring such an action …
>
> In any action brought under this paragraph, the court--
> (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2).[1]

Thus, the only cause of action the IDEIA creates arises directly from a hearing officer's decision. And such an action requires exhaustion of administrative remedies. While the Plaintiff takes issue with characterizing the present action as an "appeal" (Pl. Opp., at 4), it *is* an appeal of the HOD, as the complaining party must be "aggrieved by the findings and decision" of the HOD, and as this Court must "receive the records of the

---

[1] Conspicuously, the Plaintiff omits the relevant portion of the statute in her Opposition, stating only that "[t]he IDEA authorizes an aggrieved party 'to bring a civil action … in a district court of the United States.' " Pl. Opp., at 3. What the Plaintiff does not include is the wording that connects the cause of action directly to the HOD.

3

administrative proceedings," among other things. The Plaintiff's sleight-of-hand explanation that she made no Complaint allegations concerning the Hearing Officer's actions because she "has no IDEIA claim against the Hearing Officer" (Pl. Opp., at 4) deserves no serious response.

While the Plaintiff is correct that Fed. R. Civ. P. 8(c)[2] requires only "a short and plain statement of the claim showing the pleader is entitled to relief" (Pl. Opp., at 3), the Plaintiff fails to do even that with regard to her claim that this Court should place D.B. at Rock Creek Academy. As indicated in the Defendant's Motion, the Complaint does not challenge the Hearing Officer's findings and conclusions with regard to Rock Creek Academy at all; to that extent, the Hearing Officer's findings on that issue stand, and are not before the Court for review. The Plaintiff implies that simply mentioning Rock Creek Academy as a requested relief is somehow sufficient,[3] but the Plaintiff made no statements that she was *entitled* to that relief. Therefore, this Court should not, and cannot, now entertain such discussions.

Interestingly, the Plaintiff contends that "the failure to place D.B. in Rock Creek Academy is not a direct violation of the IDEA, so it could not be alleged as a claim." Pl. Opp., at 4. Given that the Hearing Officer made specific findings pursuant to the IDEIA regarding the appropriateness of Rock Creek Academy and the ability of that placement to meet the student's needs, the Plaintiff's characterization is incorrect. Any placement

---

[2] An IDEIA HOD appeal is not equivalent to an appeal of a civil action, and therefore the notice requirements in Fed. R. App. P. 3(c) do not apply, despite the Plaintiff's suggestion to the contrary. Pl. Opp., at 5.

[3] The Plaintiff misconstrues the Defendant's purpose for noting that she only mentions Rock Creek Academy three times in the Complaint, and only in the context of relief. Pl. Opp., 3. The Defendant merely demonstrates that the Plaintiff failed to properly plead entitlement to relief with regard to a placement at Rock Creek Academy anywhere in the Complaint, not for the preposterous position suggested by the Plaintiff that she must mention Rock Creek Academy at least four times. The Plaintiff could mention Rock Creek Academy ten times and still not properly plead her claim.

ordered by a hearing officer or a court must be appropriate and designed to provide the student with a FAPE under the IDEIA. Yet, again, the Plaintiff concedes that she did not plead entitlement to relief with regard to Rock Creek Academy. Alternatively, if this Court agrees with the Plaintiff that the failure to place D.B. at Rock Creek Academy did not violate the IDEIA, the Plaintiff has no cause of action with regard to this issue. As indicated in the Defendant's Motion, the Plaintiff simply is not an aggrieved party.

II. **The September 15, 2006, HOD, and the subsequent November 3, 2006, <u>HOD on the Motion for Reconsideration, are proper and should be upheld.</u>**

Despite significant record support for the Hearing Officer's findings and decision, the Plaintiff wrongly states that the Defendant has not offered any support for the HOD. Pl. Opp., at 5-8. Apparently, the Plaintiff confuses disagreement with the Hearing Officer's ultimate decisions with the Hearing Officer not addressing those issues at all. As explained in the Defendant's Motion generally, and the Defendant's Opposition specifically (at 8-13), the Hearing Officer addressed all of the Plaintiff's arguments and objections. To say that the District's statements—that: (1) the Hearing Officer gave the Plaintiff full opportunity to present evidence and argument in support her requests for relief, and (2) the Hearing Officer took all of the evidence and legal arguments made by the parties into account—are "false" (Pl. Opp., at 5-6) is a gross overstatement at best.

The Defendant will not here repeat its specific points with regard to the vast record support for the HOD, except to reiterate that the Hearing Officer considered 27 exhibits and the testimony of three witnesses, and based his decision soundly on the record before him. His decision was consistent with both the letter and spirit of the IDEIA. As such, this Court need not intervene and substitute its judgment for that of the

Hearing Officer, especially for the sole purpose of awarding the Plaintiff the only thing she did not receive as relief—a private school placement.

## CONCLUSION

For the reasons above, as well as for the reasons demonstrated in the Defendant's Motion and Opposition, the Defendant's Motion for Summary Judgment should be granted, and the Plaintiff's Cross-Motion for Summary Judgment should be denied.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)

August 15, 2007          E-mail: Eden.Miller@dc.gov