UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-0255 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STRIKE PART OF PLAINTIFF'S REPLY**

The Defendant District of Columbia, by counsel, respectfully requests that this Court strike that portion of the Plaintiff's Reply, filed on August 16, 2007, from the words "Unlike Defendant's counsel … " on page 11, through the citation "See 07-CV-63 (RMC); 07-CV-1260 (RBW); 07-CV-1261 (ESH)" on page 12.  A memorandum of points and authorities in support of this motion, as well as a proposed order, are attached herewith.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

August 20, 2007

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>  Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-0255 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PART OF PLAINTIFF'S REPLY**

At pages 11-12 of the Plaintiff's August 16, 2007, Reply, Plaintiff's counsel treats the Court to a variety of personal opinions concerning the course and conduct of the District of Columbia Public Schools ("DCPS") due process hearings generally, and on the overall competence and habits of the Hearing Officer involved in this case, as a further basis for arguing Hearing Officer error in allowing hearsay evidence. The Defendant submits that counsel's imperious presentation is entirely inappropriate, unsupported by the record and without probative value, and should be stricken. Alternatively, if the Court intends to consider counsel's statements in weighing the merits of this action, the Defendant requests an opportunity to examine counsel under oath concerning the factual assertions and conclusions he has offered.

First, assuring the Court that he, not undersigned counsel, is expert in due process hearings brought pursuant to the Individuals with Disabilities Education Improvement Act of 2004, U.S.C. § 1415 ("IDEIA"), Plaintiff's counsel declares it to be "absolutely false" that testimony of the sort offered by Special Education Coordinator Robin Rabb is commonly allowed by Hearing Officers. Attached as Defendant's Exhibit A is a declaration by Quinne Harris-Lindsey, the Supervisory Attorney Advisor at DCPS Office of the General Counsel, who has substantially more experience in such matters than Plaintiff's counsel, to the contrary. This is not, of course, the first time Plaintiff's counsel has let his litigating rhetoric outstrip the facts.[1]

Second, counsel's critique of the Hearing Officer is presumptuous in the extreme. Even assuming the characterizations offered are accurate, counsel's suggestion that his challenging Hearing Officer Ruff's rulings in other cases somehow suggests improper rulings in this case is only one of at least two possible conclusions – the other being that counsel himself may be wrong on the law.

Ultimately, counsel's views on the integrity of due process hearing litigation, and the volunteering of his "experiences" elsewhere in that arena, are patently irrelevant here. The record of the case below is before the Court, together with the arguments of the parties. And it is on that basis that this case must be decided.

Plaintiff's counsel's exaggeration and rhetorical flourishes add nothing. His statements are unsupported and may well violate Rule 3.7 of the Rules of Professional Conduct. Thus, that portion of the Plaintiff's Reply beginning from the words "Unlike

---

[1] See, e.g., Lesesne v. District of Columbia, 447 F.3d 828, 832-33 (D.C. Cir. 2006).

4

Defendant's counsel" on page 11, through the citation "See 07—CV-63 (RMC); 07-CV-1260 (RBW); 07-CV-1261 (ESH)" on page 12 should be stricken from the record.

        Respectfully submitted,

        LINDA SINGER
        Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH
        Chief, Equity Section 2
        Bar Number 012914

        **/s/ Eden I. Miller**
        EDEN I. MILLER
        Assistant Attorney General
        Bar Number 483802
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6614
        (202) 727-3625 (fax)

August 20, 2007        E-mail: Eden.Miller@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>    Defendant. | Civil Action No. 07-0255 (RCL) |

**ORDER**

Upon consideration of the Defendant's Motion to Strike Part of Plaintiff's Reply, any opposition and reply thereto, and the record herein, it is, on this _____ of _____, 2007, hereby **ORDERED** that:

1. the Defendant's Motion is **GRANTED**; and

2. it is further **ORDERED** that that part of Plaintiff's Reply from the words "Unlike Defendant's counsel … " on page 11, through the citation "See 07-CV-63 (RMC); 07-CV-1260 (RBW); 07-CV-1261 (ESH)" on page 12 be stricken from the record.

 

_____
Royce C. Lamberth
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-0255 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF QUINNE HARRIS-LINDSEY

I, Quinne Harris-Lindsey, do hereby declare and state as follows:

1. My name is Quinne Harris-Lindsey. I am the Supervisory Attorney Advisor in the Office of the General Counsel ("OGC") for the District of Columbia Public Schools ("DCPS"). I have held this position since July 5, 2005. Prior to that, I was a Senior Attorney Advisor and Attorney Advisor for three years.

2. My job responsibilities include, but are not limited to, oversight and assignment of cases to the attorney advisors at OGC. Specifically, I provide general supervision for all of the Attorney Advisors (12-15) in the Office of the General Counsel which includes, but is not limited to, all matters related to personnel (time and attendance), case management, legal training and special education representation for DCPS.

3. As part of my duties as Supervisory Attorney Advisor, I assign and supervise Attorney Advisors representing DCPS in administrative hearings held pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

4. DCPS OGC handles hundreds of such proceedings every year. Prior to supervising these cases, I personally litigated hundreds of them on behalf of DCPS as an Attorney Advisor and Senior Attorney Advisor. As such, I am highly familiar with IDEIA administrative proceedings in the District of Columbia.

5. I have reviewed the Plaintiff's August 16, 2007 Reply in the above-captioned case. With regard to IDEIA administrative proceedings, I believe that the Plaintiff's counsel makes incorrect assertions.

6. For example, the Federal Rules of Evidence do not strictly apply to IDEIA administrative proceedings. As such, hearing officers routinely and properly allow witnesses to offer testimony which might have been excluded in formal court proceedings, including hearsay testimony.

7. Further, hearing officers duly and in the usual course allow Special Education Coordinators to testify on behalf of DCPS about such issues as available special education programs, delivery of services to students, and the rationale behind DCPS' educational decisions regarding specific students under their purview.

8. Special Education Coordinators are responsible for, but not limited to: (1) scheduling and ensuring that individualized educational program ("IEP") meetings are completed, (2) ensuring that all students are receiving their services as prescribed in their IEPs, (3) monitoring and updating the ENCORE database system (which contains information about all of the special education students in DCPS), (4) maintaining their schools' records, and (5) collaborating with their schools' student support team.

9. Special Education Coordinators have first-hand knowledge about students receiving special education services at their schools, having attended IEP meetings and collaborated with the student support teams and providers to ensure delivery of services.

10. That being said, as demonstrated in their decisions, the Hearing Officers use their discretion to determine the credibility of the witnesses testifying before them, as well as to decide how much weight their testimony will be ascribed.

11. I make this declaration upon personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. **Executed on August 16, 2007.**

Quinne Harris-Lindsey
Supervisory Attorney Advisor

2