**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
EVELYN SYKES,                             )
                Plaintiff,                )
                                          )        **Civil Action No. 07-255**
v.                                        )        **RCL**
                                          )
DISTRICT OF COLUMBIA,                     )
                Defendant.                )
_____)

<u>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PART OF PLAINTIFF'S REPLY**</u>

**BACKGROUND**

The parties have concluded their summary judgment briefing per the Court's scheduling order.

Among the issues in this case is the allowance of hearsay testimony in the administrative hearing.

In its Opposition to the Plaintiff's Motion for Summary Judgment, in addressing the hearsay issue, the Defendant defended the Hearing Officer's allowance of hearsay solely on the basis that "the sort of testimony [at issue] is commonly presented by DCPS in IDEIA due process hearing, and allowed by hearing officers." Def.'s Opp. at 13. The Defendant provided no foundation for that statement. <u>See</u> <u>id</u>.

In her Reply, the Plaintiff contested the Defendant's claim regarding hearing officer behavior, because it was unsubstantiated, because Defendant's counsel had no experience with hearing officers upon which to base the claim, and because the experience of Plaintiff's counsel belied that claim. Pl.'s Reply at 11-12. The Plaintiff included a three-paragraph representation by Plaintiff's counsel regarding hearing officer rulings on hearsay. <u>See</u> <u>id</u>.

1

The Defendant has moved to strike that portion of the Plaintiff's Reply, asserting that it is "inappropriate, unsupported by the record and without probative value." However, the Defendant has attached to its Motion an affidavit from a DCPS attorney regarding hearing officer tendencies, among other things.

## ARGUMENT

### I.    The Defendant's Motion is a Thinly Veiled Attempt Untimely to Present Evidence

The Defendant opened this issue by stating in its Opposition that hearing officers "commonly" allow "the sort of testimony" at issue in this case. The Defendant chose not to present any evidence supporting that claim or any basis for the acceptance of that representation. Now that the Plaintiff has pointed out that deficiency, the Defendant wishes to present an affidavit in support of its claim. Because the Defendant had every opportunity to support its claim at the time that it made it, the Court should not now allow it to bolster its argument with a new affidavit.

### II.    The Plaintiff's Review of Hearing Officer Tendencies is Far More Supported, Probative, and "Appropriate" Than the Defendant's Original Assertion

As reviewed above, the Defendant raised the issue of the hearing officers' tendencies regarding hearsay when it claimed that they "commonly" allow "the sort of [hearsay] testimony" at issue in this case. Despite that fact, the Defendant now argues that the Plaintiff's far more detailed and substantiated review of those tendencies is both "without probative value" and "inappropriate."[1]

---

[1] The Defendant does not explain the meaning or significance of "inappropriateness," as distinct from other alleged issues. The Defendant also claims that the Plaintiff's review of hearing officer tendencies constitutes "a variety of personal opinions," though in fact it is plainly a series of factual statements.

The Defendant additionally claims that the Plaintiff presented a "critique" of the "competence" of the particular Hearing Officer involved in this case. The Plaintiff simply stated that Mr. Ruff is among the few most liberal hearing officers regarding the admission of hearsay. It is the Defendant itself that now concludes that Mr. Ruff's competence is therefore in question.

The Plaintiff maintains that any discussion of hearing officer tendencies is irrelevant. The Plaintiff indicated as much in her Reply, immediately after providing the responsive review of hearing officer tendencies:

> [T]he Defendant does not make clear the legal significance of its claim that hearing officers commonly allow this kind of hearsay. It is no less a violation of the Plaintiff's rights if it is happening to other parents all the time.

Pl.'s Reply at 12.

Because hearing officer tendencies are irrelevant, the Defendant should never have made its unsubstantiated claim regarding those tendencies. The Defendant should have refrained from making that claim for the additional reason that it lacked any foundation whatsoever, even in the experience of Defendant's attorneys.

Once the Defendant made its claim, though, the Plaintiff was obliged to address it as a factual matter. The Plaintiff did so, with a representation of counsel based on his fairly extensive experience with the hearing officers. That review was far better supported than was the Defendant's original claim, which was entirely baseless. The Plaintiff's review was far more detailed, as well.

Bluntly stated, the Defendant presented an off-the-cuff statement regarding hearing officer tendencies without a proper investigation or a proper presentation to the Court. Now that the Plaintiff has contested the claim and pointed out its baselessness, the Defendant would prefer that the whole thing go away. The Plaintiff has no objection, so long as the Defendant's original claim is also rejected.

### III.    Ms. Harris-Lindsey's Vague Statements Contradict Nothing in the Plaintiff's Representation

As a preliminary point, it should be noted that, contrary to the Defendant's claim that Ms. Harris-Lindsey "has substantially more experience in [these] matters than Plaintiff's counsel,"

Ms. Harris-Lindsey's affidavit indicates that the two are very similarly experienced. According to Ms. Harris-Lindsey, has she has been doing this work since 2002, and has litigated hundreds of due process hearings. Plaintiff's counsel has been in this field since 2003, and has litigated close to one thousand due process complaints.[2]

Based on her comparable experience, Ms. Harris-Lindsey declined specifically to contest any of the Plaintiff's factual claims, despite the Defendant's apparent wish that she do so. Ms. Harris-Lindsey did not contest the Plaintiff's claims that the hearing officers differ in their treatment of hearsay, that some rule differently depending on circumstances, and that Mr. Ruff tends to allow it to a relatively great degree. Instead, Ms. Harris-Lindsey made vague and sweeping statements much like the Defendant's original, unsubstantiated claim, most of which do not address the Plaintiff's representations.

The Defendant's original claim was that hearing officers "commonly" allow "the sort of testimony Ms. Rabb provided." Nothing in Ms. Harris-Lindsey's affidavit addresses the breadth and depth of the hearsay testimony at issue in this case or the fact that it constituted the entirety of DCPS' case. The Plaintiff contests the Defendant's casual assertion that hearing officers commonly allow this kind of hearsay in these kinds of circumstances, and Ms. Harris-Lindsey's affidavit contains nothing in opposition to the Plaintiff's position on that specific point.

## IV.    Hearing Officer's Rulings on Hearsay Vary Greatly

As the Plaintiff asserted in her Reply, rulings on hearsay in due process hearings vary by hearing officer and often by circumstance. Now that the Defendant has, on the basis of Ms.

---

[2] Prior to August 2005, a large portion of due process hearings were "settled on the record," that is, resolved at hearing by consent order. It is difficult to say exactly portion of counsel's cases were more fully litigated, though it has certainly been several hundred.

Harris-Lindsey's vague statements, all but accused Plaintiff's counsel of lying,[3] the Plaintiff presents documentary evidence of rulings on hearsay far more conservative than those made by the Hearing Officer in this case.

The three attached exhibits are HODs from Mr. St. Clair and Mr. Banks, two of what were, until very recently, eight hearing officers.[4] In the hearing underlying Exhibit 1, Mr. St. Clair refused to allow "testimony of the [special education coordinator] not corroborated by documentation in the record." Exhibit 1 at 4. In the hearing underlying Exhibit 2, Mr. Banks refused to consider transcripts of prior witness testimony from a prior hearing in lieu of testimony at the hearing. Exhibit 2 at 5-6.

Moreover, in every HOD ordering a meeting, Mr. St. Clair and Mr. Banks each order that future disputes regarding the scheduling of meetings will be resolved according to documentation, not testimony. See, e.g., Exhibit 1 at 7; Exhibit 3 at 5. There is no question that those hearing officers adopted that policy to prevent DCPS from offering testimony – before them or any other hearing officer hearing the case in the future – regarding the alleged existence of undisclosed meeting invitations.

Needless to say, there are many more examples, in HODs and in hearing transcripts, of hearing officers rejecting hearsay testimony. There are, of course, many examples of hearing officers allowing hearsay, as the Hearing Officer did in the case at bar.

---

[3] In federal cases in which he is directly involved, Defendant's counsel Mr. Taptich consistently slings mud at Plaintiff's counsel, as he does in the Defendant's Motion. Suggestive, ethereal hints – like the statement in the Defendant's Motion that Plaintiff's counsel's statements "may well violate Rule 3.7" – are typical. In the past, Plaintiff's counsel repeatedly proposed to Mr. Taptich that any personal ill will be put aside, but Mr. Taptich has shown an unwillingness to refrain from personal attacks.

[4] In June 2007, the roster of hearing officers expanded from eight to eighteen. It would be difficult for anyone to make a reliable representation regarding the tendencies of most of the new hearing officers, though there is no question that the majority of them are more conservative, procedurally, than the original eight.

Plaintiff's counsel is happy to submit, as the Defendant requests, to testimony under oath regarding the factual assertions in the Plaintiff's reply.[5] As the Plaintiff has made clear, she does not contend that such testimony has any relevance to the question of whether the Hearing Officer violated her IDEA due process protections in this case, but counsel does believe that, the more the courts are informed about the conduct of special education due process hearings in the District of Columbia, the better justice will be served.

Respectfully submitted,

/s/ _____

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

---

[5] Rule 3.7 forbids an attorney from simultaneously representing a client and testifying "at trial." If the Court ruled that such a proceeding constituted a trial, and that the Rule 3.7 exceptions did not apply, the Rule would of course pose a bar.

# District of Columbia Public Schools

*State Enforcement and Investigation Division*

## confidential

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8ᵗʰ Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

In the Matter of                              )
                                              )
████████ ████████ student                     )
Date of Birth: ████ ███ ████                   )
                                              )
           Petitioner,                        )
                                              )
        versus                                )
                                              )
The District of Columbia Public Schools,      )
Home School: M.C. Terrell Ele. School,        )
Attending: M.C. Terrell Center,               )
                                              )
           Respondent.                        )
_____ )

**IMPARTIAL
DUE PROCESS HEARING**

## DECISION AND ORDER

Request Date:  April 27, 2005
Hearing Date:  June 27, 2006

Held at: 825 North Capitol Street, NE
Eighth Floor, Hearing Room 4
Washington, D.C. 20002

**Parent:**



**Counsel for the Parent/Student:**

Douglas Tyrka, Esq.
Tryka & Houck, LLP
1726 Connecticut Avenue, NW  Suite 400
Washington, D.C. 20009

**District of Columbia Public Schools:**

Tiffany S. Puckett, Esq., Attorney-Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, NE  9ᵗʰ Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the
parties to identify specific witnesses and other relevant witnesses. The index will be detached before
release of this DECISION & ORDER as a public record.

**INDEX of NAMES** for ██████████████

**Hearing Date:** June 27, 2006

Appearing on behalf of DCPS:

1. Iris Phillips Pulliam, Special Education Coordinator, M.C. Terrell Center **

Appearing on behalf of the parent/student:

1. ████████████████ **
1. Keren Plowden, Executive Dir. of Student Services, Rock Creek Academy **

\* Gave testimony.
\*\* Gave testimony via telephone.

ii

## INTRODUCTION

On April 27, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to provide special education services to the student.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Tuesday, June 27, 2006 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 4, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## ISSUES:

1. Was the March 23, 2005 IEP inappropriate in that it disability coded the student Emotionally Disturbed only?

2. Was the annual IEP review completed?

3. Was the educational placement at M.C. Terrell Center appropriate?

4. Did DCPS violated Hearing Officer's Determination/Decision (HOD) issued in this matter December 21, 2005 in that an MDT meeting was not convened as ordered?

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated June 20, 2006, DCPS disclosed 15 witnesses and 21 documents. By facsimile dated June 20, 2006, the Parent disclosed 6 witnesses and 16 documents. On the motion of Counsel for the Parent and over DCPS objection, notes of the June 7, 2006 Resolution Session, DCPS Document No 21, was struck from the record.

The remaining documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent pointed to his Motion For Default Judgment, Parent Document No 16, the DCPS Response to the herein Complaint, Parent Document No 12, and requested a Default Judgment against DCPS, or in the alternative, a motion *in limine* restricting DCPS in the presentation of their case to the confines of their Response to the Complaint. The motions were

1 of 5 pages

taken under advisement. Here, the hearing officer noted the HOD issued in this matter June 8, 2006 wherein the Motion for Default Judgment was DENIED, and DENIED the motions for Default Judgment and *in limine* made during the hearing before evidence.

Counsel for the Parent represented that, in compliance with Paragraph 3 of the December 21, 2005 HOD, DCPS convened the MDT on April 5, 2006 but could not proceed with the meeting as ordered because the functional behavioral assessment (FBA) had not been completed; that when the independent evaluator subsequently appeared at the M.C. Terrell Elementary School (Terrell Center) to complete the FBA he was denied access to the school; that the refusal prompted the herein Complaint. Counsel for the Parent represented that the FBA had been completed and delivered to DCPS and that, to date, DCPS had not convened the MDT meeting. Counsel for the Parent further represented that the January 11, 2006 Clinical Psychological Evaluation, Parent Document No 7, recommended both the OHI-ADHD disability coding and a therapeutic setting for the student. For relief, Counsel for the Parent requested a placement at Rock Creek Academy, an MDT meeting and compensatory education.

The Attorney-Advisor stated that DCPS had attempted to convene the MDT as ordered but that the parent had refused to proceed with the MDT meeting until the FBA had been completed.

DCPS was ordered forward.

The Special Education Coordinator (SEC), M.C. Terrell Elementary School and the M.C. Terrell Center (Center), testified via telephone that she was familiar with the student and that he had attended the Center since kindergarten; that he had just completed the 3rd grade. The SEC testified that, to comply with Paragraph 3 of the December 21, 2005 HOD, she scheduled an MDT meeting for April 5, 2006 with which the Parent refused to proceed because the FBA had not been completed. The SEC went on to testify that she rescheduled the MDT meeting for June 7, 2006 and scheduled the resolution session for the herein Complaint on same day, June 7, 2006 and that the parent again refused to proceed with the MDT meeting stating that the FBA had not been completed. The SEC testified that she received the completed independent FBA by facsimile on or about June 13, 2006, but that her school based team recessed for the summer break June 14, 2006. The SEC testified that the student was scheduled to begin ESY Services on June 27, 2006 at Simon Elementary School. Counsel for the Parent moved to strike from the record testimony of the SEC on the scheduling of MDT meeting not corroborated by documentation in the record. The motion was GRANTED.

DCPS rested.

Counsel for the Parent moved for Directed Findings on all Issues. The hearing officer took the motion under advisement and ordered the parent forward. Here, for the facts and reasons setout below, the Parent's motion was DENIED.

The Parent testified that the student started ESY Services on June 27, 2006, the day of the hearing but that ESY was not noted on the March 23, 2005 IEP; that she was informed that ESY Services were automatic when she inquired of the staff at the Center. The Parent testified that the student could have done better at the Center than he did; that while she could not recall which subjects, he made progress on some and none on others. The Parent testified that, while she received complaints about his behavior from the staff at the Center, he was not suspended during the 2005-6 School Year.

The Executive Director of Student Services, Rock Creek Academy, testified via telephone to the services available at the academy. The testimony is not recounted here.

2 of 5 pages

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. The latest IEP for the student with placement at the M.C. Terrell Center was dated March 23, 2005; it was not in the record.

2. On July 22, 2005, a complaint was filed in this matter that, *inter. alia,* alleged inappropriate IEP and educational placement. The December 21, 2005 HOD, Parent Document No 5, resulted. Paragraph 1 of the ORDER in the said HOD setout an evaluation schedule that authorized the parent to arranged an independent evaluation for each evaluation DCPS had failed to complete timely. DCPS failed to complete certain evaluations on time, the FBA being one. Paragraph 3 of the ORDER provided for an MDT/IEP/Placement meeting, " . . . within fifteen schooldays of receipt or completion of the last evaluation."

3. On January 24, 2006, Counsel for the Parent referred the student for an independent FBA with an evaluator of the parent's choice. See alleged Fact No 9 of the herein Complaint.

4. On April 5, 2006, DCPS convened an MDT meeting. At alleged Fact No 10 of the herein Complaint, DCPS postponed the meeting due to the absence of a psychologist; the SEC testified that the Parent refused to proceed with the April 5 and June 7, 2006 MDT meetings because the FBA had not been completed. The SEC's testimony was not contradicted.

5. On April 24, 2006, Counsel for the Parent sent a letter to the SEC complaining that the independent evaluator for the FBA had been denied permission to observe the student at the Center on April 20, 2006, Parent Document No 10 and alleged Fact No 14 of the herein Complaint.

6. On April 27, 2006, the herein Complaint was filed.

7. DCPS scheduled both the MDT/IEP/Placement meeting for the student and the resolution session for the herein Complaint for June 7, 2006.

8. The independent May 30, 2006 Functional Behavioral Assessment and Behavioral Intervention Plan, DCPS Document No 20, was received by DCPS on June 13, 2006.

## DISCUSSION and CONCLUSIONS OF LAW

This Discussion starts with the July 22, 2005 Complaint which complained about the March 23, 2005 IEP and the placement at M.C. Terrell Center. Issues 1, 2, and 3 merged into

3 of 5 pages

the resulting December 21, 2005 HOD. As the HOD ordered a clinical psychological evaluation, a social history and occupational therapy and functional behavioral assessments and an MDT/IEP/Placement meeting, the March 23, 2006 IEP and placement at the M.C. Terrell Center were certainly to be reconsidered. The Parent was the prevailing party at that proceeding. Here, Issues 1, 2 and 3 are DISMISSED under *res judicata*.

Remaining was Issue 4, whether DCPS violated the December 21, 2005 HOD. Clearly, DCPS violated Paragraph 1 of the HOD, but the paragraph provided authorization for the Parent to arrange independent evaluations at DCPS expense which the Parent did, the independent FBA that Counsel for the Parent referred on January 24, 2006 being the *last [italics author's]*. Importantly, Paragraph 3 of the ORDER required DCPS to convene an MDT meeting, " . . . within fifteen schooldays of receipt or completion of the *last* evaluation." On April 5, 2006 DCPS convened the MDT. According the alleged Fact No 10 in the herein Complaint, DCPS refused to proceed with the meeting because a psychologist was not present; the SEC testified that the Parent refused to proceed without the FBA, the independent FBA arranged by the Parent. The SEC's testimony was not contradicted and was credited by the hearing officer. The independent evaluator attempted to observe the student at the Center on April 20, 2006 but was denied entry to the school; it was not established during the hearing whether the Center had been notified to expect the independent evaluator. On April 27, 2006, the herein Complaint was filed. DCPS scheduled the resolution session and an MDT meeting for June 7, 2006; the Parent attended the June 7, 2006 MDT/IEP/Placement meting but refused to proceed without the independent FBA that she had arranged. DCPS received the independent May 30, 2006 Functional Behavioral Assessment and Behavioral Intervention Plan, DCPS Document No 20, on June 13, 2006.

The herein hearing convened on June 27, 2006.

While the Parent was reasonable to insist on the completed FBA before reviewing/completing the IEP, the hearing officer cannot place the blame for the independent FBA arranged by the Parent not being at the April 5 and June 13, 2006 MDT meetings on DCPS to the degree necessary to find a Denial of FAPE.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. Within 30 days hereof, DCPS will convene an MDT/ IEP/Placement meeting during which evaluations will be reviewed, the IEP reviewed and revised as appropriate and the student's eligibility for the OHI-ADHD disability coding discussed and determined; placement will also be discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing. Here, reference is made to Paragraph 3 of the December 21, 2005 IEP.

3. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for every day of unavailability of parent/educational advocate/ Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

4. Herein, DCPS was the prevailing party.

This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

Date: July 7 2006

H. St. Clair, Esq., Hearing Officer

Issued: 7/16/06

Student Hearing Office, DCPS

5 of 5 pages

09/19/2005   14:46   2824425556                    STUDENT HEARINGS UFF                    PAGE  82/08

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ STUDENT ) | |
| Date of Birth: ▮▮▮▮▮▮▮▮ ) | Hearing Date: July 19, 2005 · |
| ) | September 13, 2005 |
| Petitioner, ) | |
| ) | Request for Hearing: Remanded |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | Held at: 825 North Capitol Street, N.E, |
| PUBLIC SCHOOLS ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |
| Student Attending: ) | |
| Barbara's Montessori School ) | |



## HEARING OFFICER'S DECISION

Parents:                         ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
                                 ▮▮▮▮▮▮▮▮▮▮▮▮▮

Counsel for Petitioner:          Douglas Tyrka, Esquire
                                 Carolyn W. Houck, Esquire
                                 5503 Connecticut Avenue, N.W.; Suite 174
                                 Washington, D.C. 20017
                                 (301) 951-0748; Fax: (202) 951-4248

Counsel for DCPS:                Charles McCullough, Esquire
                                 Office of the General Counsel, DCPS
                                 825 North Capitol Street, N.E.; 9th Floor
                                 Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | ██████████████ |
|---|---|
| Child's Parent(s) (specific relationship) | ██████████████ |
| Child/Parent's Representative | Douglas Tyrka Esquire |
| | Carolyn W. Houck, Esquire |
| School System's Representative | Charles McCullough, Esquire |

### Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C,") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

### Introduction

Petitioner is a ⬛ year-old student attending Barbara's Montessori School. As a toddler, Petitioner received early childhood development services under an Individualized Family Service Plan ("IFSP").[1] Petitioner's parents first filed a hearing request on July 29, 2003 alleging that the District of Columbia Public Schools ("DCPS") failed to develop an Individualized Education Program ("IEP") and provide a placement when Petitioner became eligible for services under IDEA at age three. On November 21, 2003, a hearing officer's decision ("HOD") was issued dismissing the hearing request.[2] The proceeding was remanded by U.S. District Court Judge Alan Kay.[3] On April 22, 2005, an HOD was issued on the remanded proceeding, again dismissing the hearing request. On or about June 20, 2005, Judge Kay entered an order vacating November 21, 2004 and April 22, 2005 HODs and ordering the DCPS Student Hearing Office to "schedule a new hearing to resolve all in issue in the mater of C.A. within 30 calendar days of the issuance of this order."[4] On June 23, 2005, the Student Hearing Office issued a Hearing Notice setting the hearing date for July 19, 2005. On July 13, 2005, DCPS moved for a continuance. Hearing Officer David Smith denied the motion, because "This case must be held within 30 days of the 6-20-05 by court order."

The hearing was convened on July 19, 2005. Petitioner's counsel objected to the admission of DCPS' Five-Day Disclosure Notice because it was not timely filed. This hearing officer noted that the disclosure was not timely filed, but was reluctant to proceed with the hearing because it would effectively result in a default judgment for Petitioner on the issue of reimbursement for tuition expenses incurred by the parents in 2002 and 2003. Since the issue in dispute is reimbursement for prior school year tuition payments, the hearing officer concluded that Petitioner would suffer no educational harm by a continuance.[5] Therefore, the hearing officer continued the proceeding to September 13, 2005 to provide an opportunity to develop a complete record on which to base a decision.

The due process hearing was convened on September 13, 2005. Petitioner objected to the admission of DCPS' Five-Day disclosure statement into evidence. DCPS'

---

[1] Petitioner's Exhibit ("P.Exh.") No. 7.

[2] DCPS Exh. No. 1.

[3] Neither party disclosed the District Court's written decision or order.

[4] Neither party disclosed the District Court's written decision or order.

[5] DCPS' argument that the court order required the hearing to be scheduled, not heard, within thirty days was also well founded.

3

disclosed documents included the HODs and transcripts from the vacated proceedings. The hearing officer overruled the objection and admitted DCPS' disclosure into evidence, ruling that the vacating of the previous HODs did not preclude the hearing officer from reviewing the record of those proceedings.[6] The Petitioner's disclosure notice was also admitted into evidence.

**Witnesses for DCPS**

   None

**Witnesses for Petitioner**

   Petitioner's Mother

**Findings of Fact**

   1. Petitioner is a ████ year-old student attending Barbara's Montessori School.[7]

   2. On January 10, 2002, Out Came the Sun, Inc. completed a Developmental Evaluation of Petitioner. The therapist and pathologist found the following needs:

   Improved attention/focus during structured activities
   Increased participation in adult directed activities
   Increased expressive language skills for communication with others
   Use of effective, positive strategies for dealing with new situations and frustration
   Continued development of toddler/preschool concepts, fine and gross motor skills, and self help skills

The examiners recommended three one-hour sessions per week of specialized instruction "to support [Petitioner's] development in all areas" and continued speech and language therapy for two hours per week.[8]

   3. On February 26, Out Came the Sun completed a Behavioral Assessment that found that Petitioner's "language disorder is severe" and recommended "Enrollment in a preschool program that provides a language-based curriculum and with teachers who are experienced in working with children with special needs."[9]

---

[6] The hearing officer wanted to review enough of the record to ensure that the same errors that caused the remand were not repeated. However, neither party disclosed Judge Kay's order in this case, so the hearing officer is unaware of the reasons for the remand. The parties' counsel offered conflicting reasons for the remand.

[7] DCPS Exh. No. 2.

[8] P.Exh. No. 4.

[9] P.Exh. No. 5 at 2-3.

4

3. On April 9, 2002, a "DC Early Intervention Program" IFSP was developed.[10]

4. When Petitioner became three years old, Petitioner's mother registered him as a non-attending student at Stoddert Elementary School.[11]

5. The first Multidisciplinary Team ("MDT") meeting for Petitioner was convened on November 14, 2002 at Stoddard. The MDT classified Petitioner as speech, and language impaired ("SLI") and prescribed five hours per week of specialized instruction, two hours per week of speech and language therapy, and 90 minutes per week of occupational therapy.[12]

6. The MDT indicated that Petitioner "will continue to receive related services at Stoddert with specialized instruction consultation at Barbara's Montessori."[13]

7. Stoddert had no pre-kindergarten program at the time the MDT placed Petitioner at Stoddert. At three years-old, Petitioner was younger than pre-kindergateners, aged 4. In January 2003, the principal at Stoddert informed Petitioner's mother that Stoddert was not an appropriate placement for Petitioner because he was too young and was not potty trained.[14]

8. Petitioner's mother enrolled him in Barbara's Montessori for the 2002-2003 school year and for the summer programs in 2002 and 2003. He was in a class with a student/teacher ratio of about 4 to 5. Barbara's provided a therapeutic social skills program as well as specialized instruction and occupational therapy.[15]

## Conclusions of Law

The hearing officer continued this proceeding for the single purpose of providing DCPS an opportunity to present evidence. Having failed timely to provide Petitioner with a Five-Day Disclosure for the July 19, 2005 hearing, DCPS would have been precluded from making a record but for the continuance.[16] Presented with this second chance, DCPS' counsel elected to present no testimonials evidence, DCPS records, or educational records. Instead, counsel offered only the HODs and transcripts from the proceedings vacated by Judge Kay and urged the hearing officer to consider these documents as DCPS' direct evidence.

Since the previous proceedings were vacated, it would violate Judge Kay's order to hold a new evidentiary proceeding to adopt any of the findings in the previous HODs. As for the testimonial evidence from the prior proceedings, DCPS chose to introduce

[10] P.Exh. No. 7,
[11] Testimony of Petitioner's mother.
[12] P.Exh. No. 17.
[13] Id., Meeting Notes.
[14] Testimony of Petitioner's mother.
[15] Id
[16] 34 CFR §300.509(a)(3).

5

transcripts of the previous testimony rather than to call the witnesses to appear before the hearing officer. Thus, the hearing officer would have no opportunity to view the witnesses and make an independent determination of their credibility. Therefore, the hearing officer considered only the testimony of Petitioner's mother and Petitioner's exhibits in making his findings of fact.[17]

DCPS offered no credible evidence that it offered an appropriate placement to Petitioner for the 2002-2003 school year. It is settled law that parents who doubt the appropriateness of an IEP or a placement may remove their child to a private school and, if due process proceedings result in a determination that they were correct, the parents would be entitled to reimbursement for the costs of the private education.[18] The only issue is whether DCPS should be required to reimburse Petitioner's parents for summer programs in 2002 and 2003. Petitioner offered no evidence that Petitioner's disability is so severe that he requires services in addition to those provided during a normal school year. The Developmental evaluation recommended only three hours per week of specialized instruction; the Behavioral evaluation recommended a preschool program that provides a language-based curriculum and with teachers who are experienced in working with children with special needs. Neither evaluation suggested that Petitioner required intensive, year-round services. Therefore, the hearing officer will order DCPS to reimburse Petitioner's parents for the 2002-2003 school year beginning on or about September 1st and ending on or about the third Friday in June.

### ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' attorneys at the hearing, this 19th day of September 2005 it is hereby

**ORDERED**, that upon Petitioner's parents' submission to the DCPS Office of Mediation and Compliance of receipts, invoices, memoranda, or other evidence of payment, DCPS shall reimburse Petitioner's parents for the expenses incurred for Petitioner's enrollment at and transportation to Barbara's Montessori for the 2002-2003 school year, beginning on or about September 1st and ending on or about the third Friday in June.

---

[17] The hearing officer relied on the vacated HODs only for the significant dates and rulings in prior proceedings.
[18] *School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359, 369 (1985).

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[19]

Terry Michael Banks
Hearing Officer

Date: September 19, 2005          Issued: _09-19-05_

Copies to:

Douglas Tyrka, Esquire
Carolyn W. Houck, Esquire
5505 Connecticut Avenue, N.W.
Suite 174
Washington, D.C. 20017
(301) 951-0748; Fax: (202) 951-4248

Charles McCullough, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

---

[19] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

7

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | |
|---|---|
| _____, STUDENT | ) |
| | ) |
| Date of Birth:_____ | ) Hearing Date: October 2, 2006 |
| | ) |
| Petitioner, | ) Complaint Filed: July 31, 2006 |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) Held at: 825 North Capitol Street, N.E. |
| PUBLIC SCHOOLS | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Respondent. | ) |
| | ) |
| Student Attending: | ) |
| High Road Primary School | ) |

## HEARING OFFICER'S DECISION

Parents:

Counsel for Petitioner:
Douglas Tyrka, Esquire
1726 Connecticut Avenue, N.W.; Suite 400
Washington, D.C. 20009
(202) 265-4260; Fax: (202) 265-4264

Counsel for DCPS:
Rashida J. Wilson, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will
permit the parties to identify specific witnesses and other relevant persons. The index is
designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | |
|---|---|
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Douglas Tyrka, Esquire |
| School System's Representative | Rashida J. Wilson, Esquire |
| Educational Advocate | Sharon Millis |
| Principal or Designee | Emelda Allen, Director, HRPS |

2

### Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sections 1400 et seq.; Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

### Introduction

Petitioner is a ████ year-old student attending High Road Primary School ("HRPS"). On July 31, 2006, Petitioner filed a *Due Process Complaint Notice* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") failed to develop an annual Individualized Education Program ("IEP") and failed to provide extended year services ("ESY"). The due process hearing was convened on October 2, 2006. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing, including DCPS Exh. No. 2, admitted during the hearing without objection. Petitioner's counsel moved for a default judgment on the grounds that DCPS failed to file a response to the *Complaint*. DCPS opposed the motion because the motion was not made in advance of the hearing, and because DCPS held a Resolution Session meeting at which Petitioner could have discussed all of the issues raised in the *Complaint*. The hearing officer declined to grant Petitioner's motion, but he did not allow DCPS to present testimony as to defenses not pleaded in a response to the *Complaint*. Thus, the hearing officer sustained Petitioner's objection to DCPS' attempt to elicit testimony concerning Petitioner's mother's alleged rejection of ESY services.

### Witnesses for Petitioner

Sharon Millis, Educational Advocate

### Witnesses for DCPS

Emelda Allen, Director, HRPS

### Findings of Fact

1. Petitioner is a ████ year-old student attending HRPS.[1]

2. Petitioner's last IEP was developed on March 22, 2005.[2]

---

[1] *Complaint* at 1.

[2] Petitioner's Exhibit ("P.Exh.") No. 3 at 1.

3

3. DCPS convened a Resolution Session meeting on August 14, 2006. DCPS offered "to convene an MDT meeting in which evaluations are reviewed, student's IEP is updated, placement and comp ed are discussed and a new prior notice and/or comp ed plan are developed if necessary within 30 days."[3]

4. The parties will meet on October 13, 2006 at a Multidisciplinary Team ("MDT") meeting to develop an IEP.[4]

## Conclusions of Law

1. Under IDEA, a local education agency is required to file a response to the Complaint within ten days of receipt thereof, providing a detailed explanation of the agency's proposal or refusal to take the action raised in the Complaint, unless the agency has sent a prior written notice to the parent regarding the subject matter contained in the Complaint.[5] DCPS disclosed no prior notice. Therefore, it was obligated to file a response satisfying the requirements of 20 U.S.C Section 1415(c)(2)(B)(i)(I) within ten days of receipt of the *Complaint*. The *Complaint* alleged that DCPS failed to provide an annual IEP and ESY. If DCPS had a justifiable reason for failing to provide the IEP and ESY, it should have revealed the reasons in a response to the *Complaint*. Since it did not, the hearing officer did not allow DCPS to elicit testimony concerning its reasons for its failures.

2. DCPS conducted a Resolution Session Meeting within fifteen days of receipt of the *Complaint* as required by 20 U.S.C. Section 1415(f)(1)(B). The Resolution Meeting is required to provide the parents an opportunity to discuss their concerns with the appropriate school officials and to provide the local educational agency an opportunity to resolve the Complaint without resort to a due process hearing.[6] DCPS offered to convene a Multidisciplinary Team ("MDT") meeting to develop an IEP, but it did not agree to provide compensatory education services. Thus, the parties did not reach an agreement as to all issues at the Resolution Session.

3. Under regulations recently adopted by the DCPS Board of Education, the moving party in due process proceedings has the burden of proof.[7] Petitioner introduced no evidence that Petitioner did not receive ESY services during the summer of 2006. Therefore, Petitioner failed to meet his burden of proof on this issue.[8]

---

[3] DCPS Exh. No. 1.

[4] Stipulation by Petitioner's counsel.

[5] 20 U.S.C. §1415(c)(2)(B)(i)(I). The statute imposes specific requirements as to the contents of the agency's response.

[6] 20 U.S.C. § 1415(f)(1)(B)(i)(IV).

[7] 5 D.C.M.R. §3030.3.

[8] Petitioner's counsel intended to call Petitioner's mother to testify that Petitioner did not receive ESY services, but Petitioner's mother did not appear at the hearing or make herself available by telephone. Petitioner's counsel offered testimony from Ms. Sharon Millis on the issue of Petitioner's entitlement to compensatory education due to DCPS' failure to provide ESY services. The hearing officer sustained DCPS' objection to opinion testimony in the area of special education from Ms. Millis. Ms. Millis has

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 2nd day of October 2006, it is hereby

ORDERED, that Petitioner's motion for a default judgment is DENIED.

IT IS FURTHER ORDERED, that on or before October 13, 2006, DCPS shall convene an MDT meeting to review all current evaluations and update Petitioner's IEP.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the appropriate DCPS Placement Specialist and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.

IT IS FURTHER ORDERED, that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

Terry Michael Banks
Hearing Officer

Date: October 2, 2006          Issued: 10/3/06

considerable experience in the field of special education as an educator, administrator, and an educational advocate. However, the hearing officer did not allow her to provide opinion testimony in the area of special education, because (1) Petitioner's counsel did not provide Ms. Millis *vitae* in the Five-Day Disclosure, (2) Ms. Millis has no professional degree in special education, and (3) Ms. Millis has not published in the area of special education.

5

Copies to:

Douglas Tyrka, Esquire
1726 Connecticut Avenue, N.W. ; Suite 400
Washington, D.C. 20009-
(202) 265-4260; Fax: (202) 265-4264

Rashida J. Wilson, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9ᵗʰ Floor
Washington, D.C. 20002

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **EVELYN SYKES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-255** |
| **v.** | ) | **RCL** |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

On consideration of Defendant's Motion to Strike Part of Plaintiff's Reply and the

Plaintiff's Opposition, it is hereby

**ORDERED** that Defendant's Motion is denied.

_____
Royce C. Lamberth
United States District Judge