UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES,<br>Guardian and Next Friend of D.B., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-0255 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PART OF PLAINTIFF'S REPLY**

The Defendant District of Columbia, by counsel, respectfully and briefly here replies to the Plaintiff's August 31, 2007, Opposition to Defendant's Motion to Strike Part of Plaintiff's Reply.

In its Motion, the Defendant demonstrated that this Court should strike that portion of the Plaintiff's Reply, filed on August 16, 2007, from the words "Unlike Defendant's counsel … " on page 11, through the citation "See 07-CV-63 (RMC); 07-CV-1260 (RBW); 07-CV-1261 (ESH)" on page 12. That portion of the Plaintiff's Reply is entirely inappropriate (and may violate Rule 3.7 of the Rules of Professional Conduct) and is unsupported by the record and without probative value, and thus should be stricken. In the alternative, if the Court intends to consider the identified portions of the pleading in its deliberations here, the Defendant should have an opportunity to examine counsel under oath concerning the factual assertions he has offered.

The Plaintiff responded to the Defendant's Motion by stating that: (1) the Defendant's Motion was an untimely attempt to present new evidence; (2) the Plaintiff's review of hearing officer tendencies is far more supported, probative, and appropriate than the Defendant's original assertion; (3) the declaration of Ms. Quinne Harris-Lindsey is vague and does not contradict the Plaintiff's representation; and (4) the hearing officer's rulings on hearsay vary greatly.  The Plaintiff then attached three hearing officer's decisions to show that hearing officers do not always allow hearsay evidence.  For reasons set forth in the Defendant's Motion and below, these arguments are without merit.

The Defendant stated in its Opposition to the Plaintiff's Motion for Summary Judgment that it was common practice for hearing officers to allow the testimony of Special Education Coordinators (like Ms. Robin Rabb) at administrative hearings. Defendant's Opposition, at 13.  This statement was based on the experiences of the Attorney Advisors of the Office of the General Counsel for the District of Columbia Public Schools ("DCPS"), who handle *all* of the special education hearings involving DCPS.  Indeed, the DCPS Student Hearing Office Standard Operating Procedures have long provided that hearings are not governed by formal rules of procedure or evidence.

Despite the Plaintiff's suggestions to the contrary (Plaintiff's Opposition, generally), it does not follow that because some hearing officers do at times exclude testimony for various reasons, the above-statement is not true.  The Defendant did not expect such a general expression of common practice to be disputed by the Plaintiff, although the Defendant was aware that the Plaintiff wrongly viewed Ms. Rabb's testimony to be hearsay.  Because the Plaintiff, through her counsel, attempted to dispute

2

this common practice with examples from counsel's own experience, the Defendant submitted the declaration of DCPS Supervisory Attorney Quinne Harris-Lindsey in support of its expression of that common practice.

Both parties, however, agree that information about counsel's experiences with hearing officers in other proceedings is irrelevant. The Plaintiff states that her counsel's "factual assertions" regarding the practices of hearing officers and hearsay do not have "any relevance to the question of whether the Hearing Officer violated her IDEA due process protections in this case." Plaintiff's Opposition, at 6. The Defendant agrees. Even with regard to this case, a discussion about hearsay is irrelevant because, as the Defendant indicated in its Opposition, the testimony of Ms. Rabb was *not hearsay*. Defendant's Opposition, at 12-13. Rather, she was offered as a fact witness with personal and specific knowledge of D.B. in her role as Special Education Coordinator. Id.

If there was any doubt previously that the Plaintiff's counsel was offering himself as a witness, the Plaintiff's Opposition makes it clear: "Plaintiff's Counsel is happy to submit, as the Defendant requests, to testimony under oath regarding the *factual assertions* in the Plaintiff's reply." Plaintiff's Opposition, at 6 (emphasis added). Interestingly, although the Plaintiff makes much ado about the Defendant's suggestion that the Plaintiff's counsel may have violated Rule 3.7 (Plaintiff's Opposition, at 5, Fn. 3), Plaintiff acknowledges in her Opposition that the Rule may in fact pose a bar. Id. at 6, Fn. 5.[1]

---

[1] The Plaintiff's Opposition's troubled assertions of "mud-slinging" and "personal ill will" (Plaintiff's Opposition, at 5, Fn. 6) are undeserving of serious response. Neither is true, and a disagreement with counsel on legal issues is hardly a "personal attack."

In conclusion, this Court should strike from the record the above-referenced portion of the Plaintiff's Reply because the content is irrelevant and inappropriate.

        Respectfully submitted,

        LINDA SINGER
        Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH
        Chief, Equity Section 2
        Bar Number 012914

        **/s/ Eden I. Miller**
        EDEN I. MILLER
        Assistant Attorney General
        Bar Number 483802
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6614
        (202) 727-3625 (fax)

September 10, 2007        E-mail: Eden.Miller@dc.gov