THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES,<br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>      Defendant. | Civil Action No. 07-255 RCL |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF FILING

On September 25, 2007, the Defendant filed a Notice of Filing, with several documents attached.

From a conversation between counsel, the Plaintiff's understanding of events is that, in a telephone call from chambers to Defendant's counsel sometime during the week of September 17, 2007, the Court requested that the Defendant file certain documents. The Plaintiff was not aware of that telephone call, or of any request for documents, until September 24, 2007.[1]

The Plaintiff remains uncertain regarding what documents the Court asked the Defendant to produce, and for what purpose. From the context of this case, the Plaintiff would assume that the Court was investigating the current status of D.B.'s school placement.

The Parties likely agree upon most of the facts regarding D.B.'s current schooling, most notably: 1) Ms. Sykes' moved D.B. shortly after the hearing at issue in this case to Marshall through a No Child Left Behind matter-of-right transfer; 2) on July 27, 2007, Ms. Sykes filed a due process complaint challenging placement, among other things; 3) the hearing on that complaint was held on September 27, 2007, and the record was held open through October 1, 2007; 4) no HOD resolving that due process complaint has yet been issued.

---

[1] The Plaintiff does not suggest that the Defendant was under any obligation to inform the Plaintiff.

1

As is clear in several documents, most notably Ms. Sykes' most recent due process complaint, Ms. Sykes' position is: 1) DCPS has not followed IDEA procedures in determining, with Ms. Sykes' full participation, an appropriate placement for D.B. since he began attending Marshall; 2) DCPS has not determined Marshall to be an appropriate placement for D.B.; 3) Marshall is not an appropriate placement for D.B..

The Defendant has not made, and the Court has apparently not requested, any argument regarding the import of any of the documents filed by the Defendant on September 25, 2007. The Plaintiff respectfully requests an opportunity to address any questions the Court may have regarding those documents prior to any determination based on those documents.[2]

Attached hereto as Exhibit 1 are notes from the meeting of June 12, 2007 meeting drafted by Sharon Millis, Ms. Sykes' special education advocate,[3] who attended that meeting. It is DCPS' common practice to attach the advocate's notes to DCPS' notes of the meeting, as was done in the case of the January 30, 2007 meeting. The Defendant did not attach Ms. Millis' June 12, 2007 notes to DCPS' notes of that meeting, presumably inadvertently.

Finally, the Plaintiff wishes to inform the Court that on multiple occasions she has requested Daron's school records from Marshall, but DCPS has failed to produce the requested records. See Defendant's Notice of Filing, Exhibit 2 at 5, ¶¶13-16.

Respectfully submitted,
/s/ _____
Douglas Tyrka, #467500

---

[2] In particular, the Plaintiff would request an opportunity to illustrate the deficiencies in the June 12, 2007 document identified as a prior written notice before it would be accepted as such. The Plaintiff would also contest the acceptance of hearsay from a special education coordinator as a "progress report," and would argue that the acceptance of it would be poignantly unjust in this case, in which one of the Plaintiff's complaints is that the Hearing Officer relied solely upon hearsay from a special education coordinator.

[3] The term "educational advocate" is often used by the courts to refer to a court-appointed special education attorney. As it is used here, the term refers to an individual who assists a parent in those aspects of the special education process that occur outside of hearings and courts, such as IEP meetings and evaluations.

Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

1) [redacted] MDT 6/12/07

OT reviewed file and determined an evaluation was needed. Advocate requested an OT eval 1/30/07 at MDT. The psycho ed from DC was reviewed. He has variable academic achievement.

D[redacted] has a problem on a weekly basis that the Parent/Advocate have to address. The school claims no knowledge of the problems he states he has.

Advocate/Parent requested a Psychiatric and a Clinical at the 1/30/07 MDT.

DCPS states they requested information from his outside therapist but have not gotten anything yet. DCB further clarified they never contacted the Psychiatrist as was discussed in the 1/30/07 MDT notes but rather the primary care physician even though DCB had address and knew he was seeing an outside Psychiatrist.

Exhibit 1

MDT states that an evaluation dealing with soc/emot issues will be done depending on the psychiatric report that has been requested.

Previous comp ed plan has never been implemented. DCPS wants to redo the old plan but will not address the new issue of comp ed since D████'s 06 IEP was not implemented as written. Comp Ed may also be due for OT depending on the outcome of the evaluation. D████ is also due Blackman-Jones comp ed. DCPS will present a Comp Ed plan for consideration.

DCPS also presented a WJ III at the MDT done 4/11/07. He has made little if any progress yet DCPS states they want to keep him in the inclusion model in this setting. Again Parent/Advocate are requesting a full time setting. Parent/Advocate do not agree with disability classification.

Time in SpEd, goals/objectives506
Placement