UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EVELYN SYKES, <br> Guardian and Next Friend of D.B., a Minor, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 07-0255 (RCL) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S SEPTEMBER 25, 2007, NOTICE OF FILING**

On September 25, 2007, the Defendant District of Columbia submitted documents regarding the student's current status and placement at Marshall Educational Center, pursuant to this Court's request. This filing did not include any argument from the District. On October 4, 2007, the Plaintiff filed her Response to the Defendant's Notice of Filing, submitting the special education advocate's notes from the June 12, 2007, meeting, volunteering a variety of factual and legal views, and requesting the opportunity to further address any questions the Court may have regarding the documents submitted by the Defendant.

The Defendant does not object to this Court's acceptance of the special education advocate's June 12, 2007, meeting notes into the record, and also here submits the recent October 10, 2007, hearing officer's decision regarding the administrative procedure referenced in the Plaintiff's Response and the documents submitted earlier by the Defendant.

As the student's status and placement at Marshall are irrelevant to the hearing officer's decision at issue in this case, the Defendant does not believe any further argument or documents are warranted.

Should this Court determine that further information and/or discussion regarding the materials submitted is necessary, and permits the Plaintiff to submit further argument, the Defendant requests that any such allowance include an opportunity for the Defendant to respond to the Plaintiff's submission.

                Respectfully submitted,

                LINDA SINGER
                Attorney General
                for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                **/s/ Edward P. Taptich**
                EDWARD P. TAPTICH
                Chief, Equity Section 2
                Bar Number 012914

                **/s/ Eden I. Miller**
                EDEN I. MILLER
                Assistant Attorney General
                Bar Number 483802
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001
                (202) 724-6614
                (202) 727-3625 (fax)
October 11, 2007           E-mail: Eden.Miller@dc.gov

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
## STUDENT HEARING OFFICE
1150 5th Street SE, 1st Floor
Washington, DC 20003
**CONFIDENTIAL**[1]

| | |
|---|---|
| IN THE MATTER OF<br>D▮▮ B▮▮ DOB ▮▮<br>("Student")<br><br>Evelyn Sykes<br>("Guardian")<br>      PETITIONER,<br><br>      v.<br><br>District of Columbia Public Schools<br>("DCPS")<br>School:<br>      RESPONDENT. | Complaint Filed: July 27, 2007<br>Hearing Date: September 27, 2007 |

Counsel for Student:         Douglas Tyrka, Esq.
                             1726 Connecticut Avenue NW
                             Suite 400
                             Washington, DC 20009

Counsel for DCPS:            Daniel McCall, Esq.
                             Office of General Counsel
                             825 North Capitol Street NE
                             Washington, DC 20002

## HEARING OFFICER DETERMINATION

I.   **JURISDICTION**

The above-captioned matter was scheduled for an Impartial Due Process Hearing pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

II.    **FIVE DAY DISCLOSURES**

On or about September 20, 2007, Counsel for Petitioner submitted the five-day disclosure that lists ten (10) witnesses and attached twelve (12) exhibits labeled and identified as exhibits LK-1 through LK-9. On or about September 21, 2007, Petitioner received DCPS Counsel's five-day disclosure and objected to said disclosure as untimely.[2] As a result of Petitioner's objection, this hearing officer decided to strike Respondent's five-day disclosure as untimely.

**STATEMENT OF THE CASE**

Petitioner brought this case on behalf of her minor child, born ███████ (hereinafter referred to as "D.B." or the "student"). The student is eligible for special education services and has been classified with various disabilities including learning disabled ("LD"). The most recent individualized educational program ("IEP") dated June 12, 2007, was rejected by the Petitioner and made a part of the issues in the instant case.

On or about July 27, 2007, Counsel for Petitioner filed a Due Process Complaint asserting that DCPS denied a Free Appropriate Public Education ("FAPE") to the student. The Due Process Complaint alleges in part that the student was denied FAPE when (1) DCPS failed to conduct all necessary evaluations and reevaluations, and when (2) DCPS failed to develop an appropriate IEP, and when (3) DCPS failed to provide all prescribed specialized instruction and related services, and when (4) DCPS failed to provide an appropriate special education placement.

The Special Education Advocate, Ms. Sharon Millis, testified that she worked with the student over the past year and participated in a multidisciplinary team ("MDT") meeting on April 24, 2007, as well as the instant case's resolution session. Ms. Millis testified that at the April MDT meeting the IEP team documented that the student's current school, Thurgood Marshall Elementary, may not be an appropriate setting.[3] Ms. Millis further testified that representatives of the school informed her that the school was unable to provide the student with the required number of specialized instruction hours because the school only had one special education teacher. Ms. Millis requested special education service logs from the school, however to date, DCPS has not provided said information.

---

[2] The fax confirmation reveals that DCPS fax was sent after 12:00pm on September 21, 2007.
[3] See DB-7.

The Petitioner testified that she visits the student's class three times a week and that the student is not receiving educational benefit. The Petitioner testified that the student is not learning, is not able to get his assignments, and is not otherwise being appropriately accommodated.

The hearing concluded on September 27, 2007, however the record remained open to allow the parties to submit closing argument briefs. The Petitioner waived the 75-day timeline to allow the hearing officer time to review the briefs and submit the hearing officer's determination.

IV. **ISSUES.**

1) Whether DCPS denied the student FAPE and failed to conduct all necessary evaluations and reevaluations.

2) Whether DCPS denied the student FAPE and failed to develop an appropriate IEP.

3) Whether DCPS denied the student FAPE and failed to provide all prescribed specialized instruction and related services.

4) Whether DCPS denied the student FAPE and failed to provide an appropriate special education placement.

V. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1) On or about June 4, 2004, an occupational therapy evaluation recommended in part that the student receive an opthalmological evaluation to rule out any vision difficulties. To date, the student has not received said evaluation.

2) On or about January 30, 2007, the Petitioner requested that DCPS conduct an occupational therapy evaluation, and a clinical psychological evaluation. To date, the student has not received the requested evaluations.

3) On or about September 15, 2006, an HOD in part ordered DCPS to reconvene an IEP meeting to review all current evaluations, to review and revise the student's IEP, and to discuss and determine placement. On or about June 12, 2007, an IEP meeting convened. The Petitioner rejected the IEP and contends that it does not contain an appropriate disability classification, and does not prescribe sufficient specialized instruction and related services.

4) On or about June 12, 2007, the Petitioner requested that DCPS consider a full-time special education placement for the student. To date, DCPS has failed to issue

a prior written notice of a change or refusal of placement pursuant to 20 U.S.C. 1415 (b)(3)(B).

VI. **ORDER**

Based on the aforementioned findings of fact and conclusions of law it is hereby **ORDERED**:

That DCPS shall fund an independent clinical psychological evaluation, an occupational therapy evaluation and an opthamological evaluation.

That DCPS shall provide written notice to the attention of Douglas Tyrka, Esq., proposing at least three separate dates and times to convene an MDT meeting within ten days (10) of receiving copies of the independent evaluations for the following purposes:
- to review the evaluations and assessments,
- to determine the student's disability classification(s),
- to determine any necessary revisions to the IEP,
- to determine the need for compensatory education,
- to determine the need for a psychiatric evaluation and,
- to determine an appropriate placement.

If necessary, a notice of placement will be issued within 30 school days of the said meeting.

**APPEAL PROCESS:**
This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

10/11/2007
Date

Will Purcell, Esq.
Hearing Officer

Student Hearing Office
Date Issued: 10/11/07

Copies to:

Douglas Tyrka, Esq.
1726 Connecticut Avenue NW
Suite 400
Washington, DC 20009

Daniel McCall, Esq.
Office of General Counsel
825 North Capitol Street NE, 9th Floor
Washington, DC 20002

**INDEX OF NAMES**
D████ B████ v. DCPS

| | |
|---|---|
| DCPS Asst. General Counsel: | Daniel McCall, Esq. |
| Petitioner's Attorney: | Douglas Tyrka, Esq. |
| Petitioner/Educational Advocate: | Sharon Millis |
| Guardian: | Evelyn Sykes |
| Admissions Director High Road: | David Clarke |