THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EVELYN SYKES,** | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 07-255** |
| v. | ) | **RCL** |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| Defendant. | ) | |

## MOTION FOR STATUS CONFERENCE

For the reasons presented in the attached Memorandum, the Plaintiff respectfully requests that this Court schedule a status conference in this case as soon as practical.

 

Respectfully submitted,
/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVELYN SYKES, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-255 |
| v. ) | RCL |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR STATUS CONFERENCE

As already reported to the Court, the Plaintiff had a hearing on a new due process complaint against the District of Columbia Public Schools ("DCPS") on September 27, 2007. In that complaint, the Plaintiff again sought placement for D.B., among other relief. A Hearing Officer's Determination ("HOD") regarding that complaint was issued on October 10, 2007. Exhibit 1.

At the hearing, the Plaintiff presented several documents, and testimony from three witnesses. See Exhibit 1 at 3-4, 7. Two of the witnesses (including Ms. Sykes herself) testified regarding D.B.'s lack of progress at his current school, the events of recent meetings with DCPS, and related issues. See id. at 3-4. The third witness testified regarding the appropriateness of the Plaintiff's proposed school placement.

DCPS presented no testimony, and no documents were admitted from DCPS.[1]

In the HOD, the Hearing Officer reviewed the evidence. See Exhibit 1 at 3-4. Though the Hearing Officer included in the HOD a section entitled "Findings of Fact and Conclusions of

---

[1] The Hearing Officer prohibited the admission of documents offered by DCPS due to their untimely disclosure. See Exhibit 1 at 3. The Hearing Officer originally also prohibited testimony from DCPS witnesses for that same reason. Later in the hearing, the Hearing Officer considered modifying that prohibition as it related to witnesses, but the issue became moot when DCPS counsel determined that DCPS' witness was not available to testify.

2

Law," the HOD does not, in fact, contain any conclusions of law. See Exhibit 1 at 4-5. Though the HOD contains a statement of the "Issues" in the case, it does not contain any statement indicating the Hearing Officer's ruling on any of those issues. See Exhibit 1 at 4-5.

The HOD does order DCPS to perform specific actions, including the convention of a meeting to determine an appropriate placement, among other purposes. See Exhibit 1 at 5. The HOD contains absolutely no explanation of why the Hearing Officer ordered those actions, or why he did not order other requested relief. See Exhibit 1.

Were there no other federal case active regarding D.B., the Plaintiff would undoubtedly file a federal complaint challenging this latest HOD and requesting placement, among other relief. Given the long history of Ms. Sykes' attempts to obtain an appropriate placement for D.B., she would likely move for a preliminary injunction ordering placement.

However, a judgment for the Plaintiff in the existing case may largely or entirely moot a complaint related to the latest HOD. For that reason, it would serve both parties' interests, and likely the Court's, if the existing case were resolved before filings related to the recent HOD became necessary, particularly in light of the fact that the motions for summary judgment in the current case have already been fully briefed.

With that in mind, Plaintiff's counsel informed Defendant's counsel of the HOD on the morning of October 11, 2007, and later that day suggested joint action. See Exhibit 2. Rather than respond to that suggestion, the Defendant filed its recent Reply.

Because the parties and the Court would benefit from a discussion of the impact of the recent HOD on this case, the Court should schedule a status conference or a conference call with counsel as soon as practical.

Respectfully submitted,
/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264



## OSSE
### DC Office of the State Superintendent of Education

| | |
|---|---|
| **DATE:** October 10, 2007 | **Total Number of Pages:** 7 |
| **TO:** Douglas Tyrka | **COMPANY:** |
| **PHONE:** 202 265-4260 | **FAX:** 202 265-4264 |
| **FROM:** STUDENT HEARING OFFICE | **SENDER PHONE:** 202-698-3819 |
| **SENDER FAX:** 202-698-3825 | **RE:** B████, D████ |

**COMMENTS:**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
## STUDENT HEARING OFFICE
1150 5th Street SE, 1st Floor
Washington, DC 20003
### CONFIDENTIAL[1]

| | |
|---|---|
| IN THE MATTER OF<br>D████ B████ DOB ██/1995<br>("Student")<br><br>Evelyn Sykes<br>("Guardian")<br>    PETITIONER,<br><br>v.<br><br>District of Columbia Public Schools<br>("DCPS")<br>School:<br>    RESPONDENT. | Complaint Filed: July 27, 2007<br>Hearing Date: September 27, 2007 |

Counsel for Student:      Douglas Tyrka, Esq.
1726 Connecticut Avenue NW
Suite 400
Washington, DC 20009

Counsel for DCPS:      Daniel McCall, Esq.
Office of General Counsel
825 North Capitol Street NE
Washington, DC 20002

## HEARING OFFICER DETERMINATION

### I. JURISDICTION

The above-captioned matter was scheduled for an Impartial Due Process Hearing pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

II.  **FIVE DAY DISCLOSURES**

On or about September 20, 2007, Counsel for Petitioner submitted the five-day disclosure that lists ten (10) witnesses and attached twelve (12) exhibits labeled and identified as exhibits LK-1 through LK-9. On or about September 21, 2007, Petitioner received DCPS Counsel's five-day disclosure and objected to said disclosure as untimely.[2] As a result of Petitioner's objection, this hearing officer decided to strike Respondent's five-day disclosure as untimely.

**STATEMENT OF THE CASE**

Petitioner brought this case on behalf of her minor child, born ▓▓▓▓▓ 1995, (hereinafter referred to as "D.B." or the "student"). The student is eligible for special education services and has been classified with various disabilities including learning disabled ("LD"). The most recent individualized educational program ("IEP") dated June 12, 2007, was rejected by the Petitioner and made a part of the issues in the instant case.

On or about July 27, 2007, Counsel for Petitioner filed a Due Process Complaint asserting that DCPS denied a Free Appropriate Public Education ("FAPE") to the student. The Due Process Complaint alleges in part that the student was denied FAPE when (1) DCPS failed to conduct all necessary evaluations and reevaluations, and when (2) DCPS failed to develop an appropriate IEP, and when (3) DCPS failed to provide all prescribed specialized instruction and related services, and when (4) DCPS failed to provide an appropriate special education placement.

The Special Education Advocate, Ms. Sharon Millis, testified that she worked with the student over the past year and participated in a multidisciplinary team ("MDT") meeting on April 24, 2007, as well as the instant case's resolution session. Ms. Millis testified that at the April MDT meeting the IEP team documented that the student's current school, Thurgood Marshall Elementary, may not be an appropriate setting.[3] Ms. Millis further testified that representatives of the school informed her that the school was unable to provide the student with the required number of specialized instruction hours because the school only had one special education teacher. Ms. Millis requested special education service logs from the school, however to date, DCPS has not provided said information.

---

[2] The fax confirmation reveals that DCPS fax was sent after 12:00pm on September 21, 2007.
[3] See DB-7.

The Petitioner testified that she visits the student's class three times a week and that the student is not receiving educational benefit. The Petitioner testified that the student is not learning, is not able to get his assignments, and is not otherwise being appropriately accommodated.

The hearing concluded on September 27, 2007, however the record remained open to allow the parties to submit closing argument briefs. The Petitioner waived the 75-day timeline to allow the hearing officer time to review the briefs and submit the hearing officer's determination.

IV. **ISSUES.**
1) Whether DCPS denied the student FAPE and failed to conduct all necessary evaluations and reevaluations.
2) Whether DCPS denied the student FAPE and failed to develop an appropriate IEP.
3) Whether DCPS denied the student FAPE and failed to provide all prescribed specialized instruction and related services.
4) Whether DCPS denied the student FAPE and failed to provide an appropriate special education placement.

V. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**
1) On or about June 4, 2004, an occupational therapy evaluation recommended in part that the student receive an opthalmological evaluation to rule out any vision difficulties. To date, the student has not received said evaluation.
2) On or about January 30, 2007, the Petitioner requested that DCPS conduct an occupational therapy evaluation, and a clinical psychological evaluation. To date, the student has not received the requested evaluations.
3) On or about September 15, 2006, an HOD in part ordered DCPS to reconvene an IEP meeting to review all current evaluations, to review and revise the student's IEP, and to discuss and determine placement. On or about June 12, 2007, an IEP meeting convened. The Petitioner rejected the IEP and contends that it does not contain an appropriate disability classification, and does not prescribe sufficient specialized instruction and related services.
4) On or about June 12, 2007, the Petitioner requested that DCPS consider a full-time special education placement for the student. To date, DCPS has failed to issue

a prior written notice of a change or refusal of placement pursuant to 20 U.S.C. 1415 (b)(3)(B).

## VI. ORDER

Based on the aforementioned findings of fact and conclusions of law it is hereby ORDERED:

That DCPS shall fund an independent clinical psychological evaluation, an occupational therapy evaluation and an opthamological evaluation.

That DCPS shall provide written notice to the attention of Douglas Tyrka, Esq., proposing at least three separate dates and times to convene an MDT meeting within ten days (10) of receiving copies of the independent evaluations for the following purposes:
- to review the evaluations and assessments,
- to determine the student's disability classification(s),
- to determine any necessary revisions to the IEP,
- to determine the need for compensatory education,
- to determine the need for a psychiatric evaluation and,
- to determine an appropriate placement.

If necessary, a notice of placement will be issued within 30 school days of the said meeting.

**APPEAL PROCESS:**
This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

10/11/2007
Date

Will Purcell, Esq.
Hearing Officer

Student Hearing Office
Date Issued: 10/10/07

Copies to:

Douglas Tyrka, Esq.
1726 Connecticut Avenue NW
Suite 400
Washington, DC 20009

Daniel McCall, Esq.
Office of General Counsel
825 North Capitol Street NE, 9th Floor
Washington, DC 20002

INDEX OF NAMES
D███ B███ v. DCPS

| | |
|---|---|
| DCPS Asst. General Counsel: | Daniel McCall, Esq. |
| Petitioner's Attorney: | Douglas Tyrka, Esq. |
| Petitioner/Educational Advocate: | Sharon Millis |
| Guardian: | Evelyn Sykes |
| Admissions Director High Road: | David Clarke |

## Douglas Tyrka

**From:** <tyrka@tyrkalaw.com>
**To:** <eden.miller@dc.gov>
**Sent:** Thursday, October 11, 2007 2:33 PM
**Subject:** Daron Brown recent HOD

Hi Eden

As we discussed this morning, the new HOD came down yesterday; I just faxed you a copy. As you can see, the HO ordered a placement meeting but not a placement, and made no clear decision re the appropriateness of the placement, much less an explanation of his decision.

As I told you this morning, unless the issues get resolved via the existing case, we will definitely "appeal" this latest decision, likely with a PI. That appeal would be a related case, with Judge Lamberth.

However, if we win the existing case, depending on the phrasing of the order, we will probably not need to appeal this latest HOD. Accordingly, I propose that at this point we make a joint request for a status conference, with the hope that recent events will encourage the judge to issue a decision soon, and thereby possibly negate the need for a PI on the latest HOD.

Either way, I will be filing a status with a copy of the HOD. I thought about proposing a joint status, but I think we would probably have too many disputes in phrasing re the events at the hearing.

- Doug

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **EVELYN SYKES,** ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 07-255** |
| v. ) | **RCL** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| Defendant. ) | |

**ORDER**

On consideration of the Plaintiff's Motion for Status Conference, it is hereby

ORDERED that the Motion is granted, and it is further

ORDERED that the parties shall appear for a status conference at _____ on _____, 2007.

SO ORDERED.

_____
ROYCE C. LAMBERTH
United States District Judge